UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS J. DANGER,

        Plaintiff,

v.

CHRISTOPHER SCHEDLER, *et al.*,

        Defendants.

Case No. C17-1892-TSZ-MAT

ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL

This is a civil rights action brought under 42 U.S.C. § 1983. This matter comes before the Court at the present time on plaintiff's motion for appointment of counsel. The Court, having considered plaintiff's motion, defendants' response thereto, and the balance of the record, hereby finds and ORDERS as follows:

(1) Plaintiff's motion for appointment of counsel (Dkt. 17) is DENIED. There is no right to have counsel appointed in cases brought under 42 U.S.C. § 1983. Although the Court, under 28 U.S.C. § 1915(e)(1), can request counsel to represent a party proceeding *in forma pauperis*, the Court may do so only in exceptional circumstances. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984); *Aldabe v. Aldabe*, 616 F.2d 1089 (9th Cir. 1980). A finding of exceptional circumstances requires an

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 1

evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. *Wilborn*, 789 F.2d at 1331.

Plaintiff asserts in his motion that he needs counsel because of physical disabilities which impair his vision and hearing, and because he is concerned for his safety. Plaintiff fails to make clear how appointment of counsel would alleviate his concern for his safety. With respect to the asserted physical disabilities which plaintiff claims make it "nearly impossible" to read and write, the Court notes that plaintiff has thus far demonstrated adequate ability to submit written materials to the Court. Moreover, defendants have indicated a willingness to modify the form of their written materials to assist plaintiff in the processing of those materials. The Court is not persuaded that plaintiff's purported physical disabilities will render him unable to litigate this matter without the assistance of counsel.

In addition, plaintiff has neither demonstrated a likelihood of success on the merits nor shown that, in light of the complexity of the legal issues involved, he is unable to articulate his claims pro se. Thus, plaintiff has not demonstrated that this case involves exceptional circumstances which warrant appointment of counsel at the present time.

(2) The Clerk is directed to send copies of this Order to plaintiff, to counsel for defendants, and to the Honorable Thomas S. Zilly.

DATED this 5th day of April, 2018.

_____
Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING PLAINTIFF'S MOTION
FOR APPOINTMENT OF COUNSEL - 2